UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
___:23-CV-____

| | |
|---|---|
| GERALD J. BELLAMY, | |
| Plaintiff, | |
| v. | **COMPLAINT** |
| UNION COUNTY BOARD OF EDUCATION, | **(JURY TRIAL DEMANDED)** |
| Defendant. | |

NOW COMES Plaintiff, Gerald J. Bellamy, by and through the undersigned counsel, complaining of the Defendant, Union County Public Schools, and alleges as follows:

## I. INTRODUCTION & JURISDICTION

1. This is an action seeking legal and equitable relief under Title VII of the Civil Rights Act of 1964, et seq. ("Title VII"), and 42 U.S.C. § 1983.

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1343, this being a proceeding to enforce rights and remedies secured under Title VII. Jurisdiction is also conferred upon this Court by 42 U.S.C § 2000(3) et seq., and 28 U.SC. § 1331.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 2201 and 2202, this being an action for declaratory judgment declaring illegal the act of Defendant complained of herein which violated rights secured to the Plaintiff by Title VII.

## II. PARTIES

1

4. Plaintiff, an African American male, is a citizen and resident of Indian Trail, North Carolina.

5. Defendant Union County Board of Education ("Board") is a government entity in Union County, North Carolina, which governs the Union County Public School system.

### III. FACTS

6. Plaintiff adopts and reasserts the allegations contained in the above paragraphs as if fully set forth herein.

7. Gerald J. Bellamy ("Plaintiff") was an employee of Union County Public School beginning November 29, 2007, working as a Teacher Assistant. Effective August 1, 2021, Plaintiff was employed on an Administrator's Contract with his initial assignment as the Principal of Health Sciences Academy at Monroe Middle School.

8. During his tenure, Plaintiff received positive performance evaluations.

9. On October 20, 2022, it was reported to Plaintiff that a substitute teacher allegedly showed some inappropriate images to students.

10. Plaintiff immediately reported the allegations to the school resource officer and advised his staff to obtain statements from students who witnessed the allegations.

11. Plaintiff's staff informed him that the one student that allegedly saw the images checked out early.

12. Plaintiff informed the resource officer that the student had checkout early and was told by the resource officer that they could continue investigating the following day.

13. Plaintiff directed his staff to have the student brought to his office first thing the next morning.

14. On October 21, 2022, the assistant principal had all student statements and notified Central Services of the incident.

15. Shortly thereafter, Plaintiff received a telephone call requesting that he report to Central Services for a meeting.

16. During this meeting, Plaintiff was advised that he was being placed on paid administrative leave for failing to timely report the allegations to Central Services and for not removing the substitute teacher from the building, and an investigation was launched.

17. On November 2, 2022, Plaintiff was informed that the investigation was complete, and that as a result of the findings of the investigation, Plaintiff was being reassigned as an Assistant Principal at Early College with his pay remaining the same until the expiration of his contract.

18. There were similar incidents that occurred in Union County Public Schools with administrators of other races. Those administrators were not demoted, but rather received letters in their personnel files.

19. Plaintiff's race was a factor when Defendant demoted Plaintiff.

20. On January 27, 2023, Plaintiff was constructively discharged.

21. This constructive discharge resulted in economic loss and emotional harm to Plaintiff.

## IV. CLAIMS FOR RELIEF
### First Claim for Relief – Race Discrimination

22. Plaintiff realleges and incorporates all the proceeding paragraphs by reference.

23. Defendant discriminated against Plaintiff through disparate treatment when it demoted Plaintiff.

3

24. Race was a factor in the decision to demote Plaintiff.

25. Administrators of other races were not demoted for similar behavior alleged by Defendant against the Plaintiff. Individuals who performed the same or similar job functions as Plaintiff and who held the same or similar position were not demoted for failing to timely report situations.

26. Defendant's actions complained of herein subjected Plaintiff to discrimination on the basis of his race, in violation of Title VII.

27. As a direct result of Defendant's actions, Plaintiff has suffered damages, including economic damages and emotional distress, in an amount in excess of $10,000.00.

## V. DAMAGES

28. Plaintiff realleges and incorporates all the proceeding paragraphs by reference.

29. As a result of the discrimination complained of herein, Plaintiff has been deprived of his rights protected by Title VII and 42 U.S.C. § 1983.

30. By reason of Defendant's conduct and as a proximate result thereof, Plaintiff has suffered the loss of a career and has suffered emotional distress.

31. As a direct result of Defendant's actions, Plaintiff has suffered economic damages and emotional distress, in an amount in excess of $10,000.00.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

32. Plaintiff realleges and incorporates all the proceeding paragraphs by reference.

33. Plaintiff timely filed a charge of discrimination against Defendant on January 5, 2023. The EEOC issued a Determination of Charge and Notice of Right to Sue on

September 26, 2023. Plaintiff is filing this action within ninety (90) days of receiving the Notice of Right to Sue.

34. Plaintiff has complied with all jurisdictional requirements and has exhausted administrative pre-requisites before initiating this action.

## VII. JURY TRIAL DEMANDED

35. Plaintiff hereby demands a trial by jury.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the discrimination alleged herein be remedied in full and that the Court, after a jury trial:

1) Declare the actions complained of herein to be illegal;

2) Issue an injunction enjoining Defendant, its agents, its employees, successors, attorneys and those acting in concert or participation with Defendant and at its direction, from engaging in the unlawful practices set forth herein and any other employment practice to be shown in violation of Title VII of the Civil Rights Action of 1964;

3) Award Plaintiff compensatory damages, including damages for mental anguish and stress, and harm to Plaintiff's career opportunities;

4) Award Plaintiff back pay, front pay, and all other economic damages to provide whole relief;

5) Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, costs and other litigation expenses; and,

6) Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This \_\_\_ day of December, 2023.

                                        /s/Walter L. Bowers, Jr.
                                        Walter L. Bowers, Jr., NC Bar No. 47590
                                        WOODEN BOWERS, PLLC
                                        10130 Mallard Creek Road, Suite 300
                                        Charlotte, North Carolina 28262
                                        Telephone: 704-665-5838
                                        Facsimile:   704-973-9380
                                        Email: wbowers@wbvlaw.com
                                        *Attorney for the Plaintiff*